

FILED
2014 Jul-10 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FELICIA D THOMAS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.: 13-01455-LSC |
| STOKES & CLINTON, P.C., et al., | ) |
| Defendant. | ) |

MEMORANDUM OF OPINION

Felicia D. Thomas ("Plaintiff"), individually and on behalf of all others similarly situated, brought this action against debt collectors James Paul Clinton ("Clinton"), William B. Jackson ("Jackson"), and Stokes & Clinton, P.C. (collectively, "Defendants") based upon their actions in attempting to collect debt owed by Plaintiff to Credit Services of Mobile, LLC ("Credit Services"). Before the Court is Defendants' motion to dismiss, or in the alternative, motion for summary judgment (Doc. 9). For the reasons stated below, the motion is due to be granted.

I. Factual Background

On July 26, 2006, Credit Services obtained a default judgment against Plaintiff in the amount of $1,735.76 plus $125.00 in costs. Credit Services was an Alabama

Limited Liability Company organized in 2001 for the purpose of collecting and liquidating debt. In October 2007, one of the members of Credit Services died, an event which triggered the dissolution of the LLC. The other members subsequently signed dissolution documents, which were officially filed with the Alabama Secretary of State on December 31, 2010.

Following the dissolution of Credit Services , Defendant Clinton continued to wind up and liquidate its business and affairs. His actions included collecting on judgments entered in favor of Credit Services. On August 6, 2012, Defendants filed a process of garnishment against Plaintiff. This garnishment was filed in the full name of Credit Services of Mobile, LLC. It attempted to collect the amount of the judgment against the Plaintiff, as well as interest in the amount of $1,928.34.

After the initial garnishment proceeding, Defendants continued to attempt to collect on the judgment against Plaintiff. Each of these attempts was carried out under the name of Credit Services. On July 26, 2013, the Defendants filed a second garnishment proceeding to collect on the judgment against Plaintiff. In this proceeding, the Defendants claimed $2,296.17 in interest.

Plaintiff filed this action on August 6, 2013, claiming that Defendants violated FDCPA by attempting to collect a debt owned by a dissolved entity. Plaintiff also claims that Defendants violated the FDCPA by using unfair methods of debt

collection; by continuing to charge interest on debt owed to Credit Services, even after the LLC had dissolved; and by failing to provide the debtors they were attempting to collect money from, including Plaintiff, with notice of various rights and disclosures required by the FDCPA ("mini Miranda" rights).

## II. Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions,

answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *see also* Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp.*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

III. Discussion

Defendants move for summary judgment on all the Plaintiff's claims, arguing that Alabama Code sections 10-A-5-7.03 and 10-A-7.04 allow entities to exist past their date of dissolution in order to wind up their business, including the collection and enforcement of judgments. Thus, Defendants claim, they rightfully used the name of Credit Services in their attempts to collect debt from Plaintiff, and did not violate the FDCPA by doing so.

A. Time-Based Claims

Plaintiff claims that Defendants violated her rights in two ways when they filed the garnishment proceeding five years after Credit Services had dissolved. First, Plaintiff claims that Defendants violated the FDCPA by attempting to collect a debt in the name of Credit Services after the LLC had dissolved. Secondly, Plaintiff claims that allowing interest to accrue during the intervening five years was unreasonable and

unnecessary under Alabama law. For the reasons below, each of these claims fails as a matter of law.

Under § 10A-5-7.0 of the Code of Alabama, a "dissolved limited liability company continues its existence" for the purpose of winding up its business and affairs. Further, under the Alabama Code, a person winding up an entity's affairs may do what is "necessary and appropriate" to wind up the business's affairs. Ala. Code § 10A-5-7.03. The Alabama Code also makes it clear that dissolution does not "terminate or suspend a proceeding pending by or against the limited liability company on the effective date of dissolution." Ala. Code § 10A-5-7.04(b)(2).

Since the lawsuit in which Credit Services received the original judgment against Plaintiff was pending at the time of dissolution, it continued to judgment even though the LLC had dissolved. The garnishments at issue in this case were filed in order to enforce the original judgment. According to the Alabama Supreme Court, such garnishment proceedings are ancillary proceedings and not new lawsuits. *Rice v. State Farm Fire & Casualty Co.*, 628 So.2d 582, 583 (Ala. 1983) (quoting *Rush v. Simpson*, 373 So. 2d 1105, 1107 (Ala. Civ. App. 1979). Because the garnishment proceedings were part of actions already pending on the date Credit Services dissolved, the Alabama Code allows them to proceed. Ala. Code §10A-5-7.03 and

§10A-5-7.04. Credit Services did not forfeit its right to enforce the judgment against Plaintiff when it dissolved.

Plaintiff argues that Defendants should be barred from proceeding with the garnishments under Ala. Code § 10A-5-7.03, which allows a person winding up the LLC to continue it as a going concern "for a reasonable time." Plaintiff attempts to apply this reasonable time requirement to all of the items listed in the statute, including the maintenance of existing lawsuits. However, in Alabama, the plain meaning of the statute controls. *DeKalb County LP Gas Co., Inc. v. Suburban Gas, Inc.*, 729 So. 2d 270, 275 (Ala. 1998). The term "preserve the company's business or property as a going concern for a reasonable time" exists in the statute as part of a list which contains many items separated by semicolons. Each of these is clearly separate from the others. Therefore, a plain reading of the statute renders the phrase "for a reasonable time" applicable only to the maintenance of the business as a going concern, and not to any other term in the statute. Thus, although Defendants could only have preserved the business as a going concern for a reasonable time, this limitation never applied to the maintenance of pending lawsuits.[1]

---

[1] Plaintiff's citation of an Alabama trial court decision, which has no precedential value in Alabama Appellate Courts, the Alabama Supreme Court, or any Federal Court, is unpersuasive. This Court is confident that the Alabama Supreme Court would follow the plain meaning of the statute described above.

Plaintiff also attempts to equate an LLC such as Credit Services to a corporation, and claims that LLCs should be treated similarly to corporations in terms of prosecuting and defending actions after dissolution. According to the Plaintiff, because the Alabama legislature meant to make their LLC laws similar to those regulating corporations, LLCs should face the same limitations in terms of defending and prosecuting matters after dissolution. The Alabama Code, however, contains statutes which specifically govern LLCs, such as §10A-5-7.03. Statutes that govern other kinds of business entities are irrelevant to this case, and cannot supercede the plain meaning of a clearly applicable statute. Therefore, the Defendants had the right to file the garnishments at issue under the name Credit Services of Mobile, LLC. These filings did not violate FDCPA, and summary judgment is appropriate on this claim.

Plaintiff next questions whether the Defendants may rightfully collect interest on the judgment when they did not act upon it for five years. Plaintiff addresses this issue in terms of whether allowing interest to accrue for five years was "necessary or appropriate" for winding up the business under Ala. Code § 10A-5-7.04. However, Plaintiff cites no case indicating that the charging of interest should be independently

evaluated for its reasonableness. As noted above, the Defendants had the right to pursue the garnishments as part of the pending proceedings. Alabama law mandates that money judgments bear interest, either at the rate specified in the contract in breach of contract actions, or at a rate set by statute. Ala. Code § 8-8-10.[2] This interest applies in garnishment proceedings. *Safeway Ins. Co. of Ala., Inc. v. Amerisure Ins. Co.*, 707 So. 2d 218, 219-20 (Ala. 1997). The garnishments were properly brought, and the interest they bore was set by state law. No genuine dispute of material fact exists, and summary judgment for Defendants is appropriate on this claim.

B. Notice Claims

Plaintiff claims that Defendants violated FDCPA §1692e(11) and §1692g(a)(2) by failing to provide proper notice to Plaintiff that Defendants are debt collectors and failing to inform Plaintiff of her "mini Miranda rights". However, the notice requirements under §1692e(11) and §1692g(a)(2) apply only after there has been an initial communication between the parties. 15 U.S.C.A. § 1692. Failure to provide proper notice after that initial communication is a violation of the FDCPA. *Id.* The Eleventh Circuit has adopted commentary from the Federal Trade Commission, the agency in charge of enforcing the FDCPA, which states that a legal action or pleading

---

[2] The current code section applies to judgments entered on or after September 1, 2011. However, it differs from the previous section only in the rate of interest set by the statute. Plaintiff has not argued that Defendants charged the wrong rate.

is not an initial communication for purposes of the FDCPA. *Vega v. Mckay*, 351 F.3d 1334, 1337 (11th Cir. 2003).

In this case, Plaintiff claims that the notice provisions of §1692e(11) and §1692g(a)(2) apply because the "initial communication" by the Defendant was the filing of a garnishment action. Since a garnishment is a legal action, and legal actions do not qualify as initial communications, there was no initial communication in this case. Therefore, the notice provisions of §1692e(11) and §1692g(a)(2) do not apply. *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, n.4 (11th Cir. 2004). Therefore, summary judgment is proper for Plaintiff's §1692e(11) and §1692g(a)(2) claims.

IV. Conclusion

As a matter of law, Defendants properly brought the garnishment actions under the name of Credit Services. The charging of interest on the judgment was mandated by Alabama law. Defendants also did not violate FDCPA's notice provisions. Because no genuine dispute of material facts exists on any of these claims, Defendants' motion for summary judgment is due to be granted. A separate order will be entered.

Done this 10th day of July 2014.

_____
L. SCOTT COOGLER

UNITED STATES DISTRICT JUDGE

174310